**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

Name: ELIAS   KEIRON   M
    (Last)    (First)    (Middle Initial)

Prisoner Number: #G28776

Institutional Address: 480 Alta Rd, San Diego, CA 92179

FILED
Mar 27 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

RECEIVED
MAR 24 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Keiron Elias
(Enter your full name.)

vs.

Scott S. Harris

(Enter the full name(s) of the defendant(s) in this action.)

Case No. _____
(Provided by the clerk upon filing)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

Elias_23-cv-01417 VKD

**I. Exhaustion of Administrative Remedies.**

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement R.J. Donovan Corr.

B. Is there a grievance procedure in this institution? YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure? YES ☐   NO ☒

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

  1. Informal appeal: This civil action does not envolve prison conditions.

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: _____N/A_____

3. Second formal level: _____N/A_____

4. Third formal level: _____N/A_____

E. Is the last level to which you appealed the highest level of appeal available to you?
YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
This case does not envolve prison Conditions.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Keiron Elias   480 Alta Rd., San Diego, CA 92179

B. For each defendant, provide full name, official position and place of employment.
Scott S. Harris, Clerk of the the United States Supreme Court Clerks Office Washington, DC 20543-0001

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

According to "The Guide For Prospective Indigent Petitioners" attatched hereto, Plaintiff is instructed to file petition for writ of certiorari within 90 days from the date of denial of petition for rehearing. And if the court denies a petition for rehearing, Plaintiff is to petition the supreme court. The instructions informed Elias that it is possible to file both, petition for rehearing and petition to supreme court. However, Petitioner filed them one after the other. (See EXHIBIT-A)

On Elias's case against c/o Wolf and Sgt. Lloyd doc no. 2:19-CV-07420 was dismissed for failure to state a claim without leave to Amend. Plaintiff filed a motion with the U.S. Dist. Court for reconsideration, denied by the court on (continued on 3A-3C)

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

• Plaintiff can not seek monitary damages in cases against court clerks. Plaintiff seeks injunctive relief ordering defendant to file Plaintiffs opening Appeallate Brief and evidence in support of claims in Appeal of the WOLF case (Keiron Elias v. Wolf).

(continued on 3A-3C)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 3/14/23

Date                                       Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

## III. STATEMENT OF CLAIM (continued)

On _____ Plaintiff filed a notice of Appeal with the 9th Cirt who dismissed Elias's claim Summarily on _____. _____ days later, Elias filed a petition for rehearing and rehearing en banc April 11th, 2022. The petition was denied June 27th, 2022. Sixty-two days later and well within the 90 day statutory deadline Elias filed for writ of Certiorari in the U.S. Suprem Court August 29th, 2022.   (See EXHIBIT-B.)

Dispite these tolling times, the court clerk Scott S. Harris declined to file and process petitioners writ of certiorari and opening Appealate brief. In a letter dated September 8th, 2022 the court clerk misconstrued the 9th circuits court of Appeals' March 18th, 2022 order [as] the date which petitioners tolling time began. However, Plaintiff had not yet filed her motion for rehearing until April 11th, 2022 and denied June 27th, 2022 giving Plaintiff a deadline of September 29th, 2022. Plaintiff filed her opening brief and writ of certiorari August 2022 within the 90 day time frame as instructed. But instead of filing plaintiffs Opening Brief and Appeal, Defendant Scott claimed "that the U.S.AP9 21-55891 order does not explicitly deny the motion(s) for reconsideration". Again, this assumption is wrong because;

1). There were never any motion(s). Just one motio[n] for reconsideration. And
2). The 9th cirt. crt. App [d]id explicitedly deny Elias's motion for reconsideration and reconsideration en banc in it's June 27th, order.

The above can be evidence by the June 27th, 2022

order itself, stating "We would deny Appellants motion for reconsideration and reconsideration en banc recieved April 11th, 2022." There is no ambiguity in the courts order, nor any simularities between the courts order March 18th, 2022 and June 27th, 2022. One is a dismissal of the action, The other is motion for rehearing being denied by the court. Clearly two seperate orders. Docket Entry nos. 16.17. See 9th. cir. R-27-10; 9th cir Gen. Ord. 6.11.   (See EXHIBIT- B and C)

September 26th, 2022 Elias responded to the defendants letter clarifying his misunderstanding of the dates and Tolling times as expressed above. Again, on October 11th, 2022 Plaintiff recieved a reply from Defendant Scott Harris returning Elias's writ of Certiorari and Opening Brief and Evidence in support of all claims for a second time for same reasons in his September 8th, 2022 letter, dispite plaintiffs evidence presented to defendant Scott to the contrary.

For the reasons contained herein, Plaintiff seeks injunctive relief/order ordering the defendant Scott S. Harris to file plaintiffs' writ of certiorari along with her Opening Brief and Evidence in support of all claims in the U.S. Supreme Court for review, and proscribed by the 14th Amendment right to access to court, and

• DANIELS V. WILLIAMS, 474 U.S. 327 (1986) 1st cir.
The right to access to Court was based on the due process clause and held that conduct challenged as violative of this right of access must reflect a reckless or callous indifference to an individuals rights inorder to be actional under §1983. While reckless or callous indifference was less than intentional or willful conduct, it was more

than gross negligence – which exemplified only lack of care and not abuse of power.

- McCRAY V. MARYLAND, 456 F.2d 1 (4th cir. 1972) involved plaintiff who alleged that court clerk negligently impeded the filing of his petition for post conviction relief. The 4th cir held cause of action was stated without much discussion that plaintiff's right to access to court was violated regardless of whether the defendant acted intentionally or negligently.

- NAVARETTE V. ENOMOTO, 536 F.2d 277 (9th cir. 1976) reversed on other grounds in PROCUNIER V. NAVARETTE, 434 U.S. 555 (1928) ... The 9th cirt held that,
    s "We believe that a deprivation of rights need not be purposeful to be actionable under Section 1983 -- IN NAVARETTE and McCRAY, the court held that prison authorities and [court clerks] have a 14th Amendment duty to use reasonable care in connection with a prisoners' right of access to courts.

## IX. RELIEF CONTINUED (continued)

- Grant leave to Amend if needed.