Keiron Elias
N.O.H.G. LAW OFFICE
#G28776   C-12-228
480 Alta Rd.
San Diego, CA 92179

RECEIVED
MAR 24 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT



Keiron Elias
  Plaintiff

vs.



Scott S. Harris
  Defendant

CASE NO.

EVIDENCE IN SUPPORT OF CIVIL COMPLAINT PURSUANT TO FED. RULE (6) (A)

All evidence in support of Keiron Elias's 1983 civil complaint has supreme relevence in proving undisputedly that defendant Scott S. Harris did prevent Elias from having access to the U.S. Supreme Court in violation of the 14th Amendment, as follows:


N.O.H.G. LAW

1 EXHIBIT - A

2
3 Guide for prospective Indigent Petitioners For Writ
Of Certiorari. This guide specifically explains to file for
4 a writ of Certiorari 90 days from a final Judgment, or
5 90 days from the denial of a timely filed petition for
6 rehearing.

7 EXHIBIT - B
8
9 Denial of Keiron Elias's Motion for reconsideration
10 and reconsideration en banc, dated June 27th, 2022
11 giving Elias a 90 day deadline to file for writ of Cert.
12 September 27th, 2022.

13
14 EXHIBIT - C

15 Corrospondance between Keiron Elias and
16 Defendant Scott S. Harris, court clerk conserning his
17 Misunderstanding of the tolling times

18
19 Respectfuly Submitted
20
21
22
23                                  Keiron M. Elias
                                      NOHG LAW OFFICE
24

# EXHIBIT COVER PAGE



Number of pages to this Exhibit: __II__ pages.



OFFICE OF THE CLERK
SUPREME COURT OF THE UNITED STATES
WASHINGTON, D. C. 20543

October 2015

## GUIDE FOR PROSPECTIVE INDIGENT PETITIONERS FOR WRITS OF CERTIORARI

### I. Introduction

These instructions and forms are designed to assist petitioners who are proceeding *in forma pauperis* and without the assistance of counsel. A copy of the Rules of the Supreme Court, which establish the procedures that must be followed, is also enclosed. Be sure to read the following Rules carefully:

Rules 10-14 (Petitioning for certiorari)
Rule 29 (Filing and service on opposing party or counsel)
Rule 30 (Computation and extension of time)
Rules 33.2 and 34 (Preparing pleadings on 8½ x 11 inch paper)
Rule 39 (Proceedings *in forma pauperis*)

### II. Nature of Supreme Court Review

It is important to note that review in this Court by means of a writ of certiorari is not a matter of right, but of judicial discretion. The primary concern of the Supreme Court is not to correct errors in lower court decisions, but to decide cases presenting issues of importance beyond the particular facts and parties involved. The Court grants and hears argument in only about 1% of the cases that are filed each Term. The vast majority of petitions are simply denied by the Court without comment or explanation. The denial of a petition for a writ of certiorari signifies only that the Court has chosen not to accept the case for review and does not express the Court's view of the merits of the case.

Every petitioner for a writ of certiorari is advised to read carefully the *Considerations Governing Review on Certiorari* set forth in Rule 10. Important considerations for accepting a case for review include the existence of a conflict between the decision of which review is sought and a decision of another appellate court on the same issue. An important function of the Supreme Court is to resolve disagreements among lower courts about specific legal questions. Another consideration is the importance to the public of the issue.

### III. The Time for Filing

You must file your petition for a writ of certiorari within 90 days from the date of the entry of the final judgment in the United States court of appeals or highest state appellate court or 90 days from the denial of a timely filed petition for rehearing. The issuance of a mandate or remittitur after judgment has been entered has no bearing on the computation of time and does not extend the time for filing. See Rules 13.1 and

# IF YOU DON'T AGREE WITH A COURT DECISION

If you think the court of appeals made an incorrect decision about important issues in your case, you can ask the court to take a second look. You may do this during your case—for example, if you disagree with the court's ruling on a motion. Or you may ask the court to review its final decision at the end of your case.

## During Your Case: Motion for Reconsideration

If you disagree with a court order or ruling during your case, you may prepare a document stating the reasons why you think the court's ruling was wrong. This document is called a "motion for reconsideration." A motion for reconsideration may not be longer than 15 pages.

A motion for reconsideration of any court order that does not end your case is due **within 14 days** of the date stamped on the court order. In addition to these rules, please follow the general guidelines in "How to Write and File Motions," above.

## After Your Case: Petitions for Rehearing

If you think the court's final decision in your case was wrong and you want to take further action, you have two options:

- File a motion for reconsideration or petition for rehearing in this court.

  ➤ If the court decided your case in an order, then you would file a motion for reconsideration, as discussed just above. The one difference is that if your case is a civil case involving a federal official or agency as a party, you have **45 days** (instead of 14) to file the motion.

  ➤ If the court decided your case in a memorandum disposition or opinion, then you would file a petition for rehearing, discussed below.

- File a petition for writ of certiorari with the U.S. Supreme Court.

It is most common to do these things one after the other—that is, to file a petition for rehearing or motion for reconsideration in this court and then, if that doesn't succeed, petition the Supreme Court. It is technically possible to file both petitions at the same time but that is not the typical approach. Our discussion focuses on the common path.

# EXHIBIT COVER PAGE



Number of pages to this Exhibit: __1__ pages.



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEIRON MARQUETT ELIAS,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>WOLF, Correctional Officer individual and official capacity; LIOYD, Sgt., individual and official capacity,<br><br>          Defendants-Appellees. | No.   21-55891<br><br>D.C. No. 2:19-cv-07420-MWF-JC<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: TASHIMA, FRIEDLAND, and BADE, Circuit Judges.

The mandate issued on April 11, 2022.

We would deny appellant's motions for reconsideration and reconsideration en banc, received on April 11, 2022 and April 25, 2022 (Docket Entry Nos. 16, 17). *See* 9th Cir. R. 27-10; 9th Cir. Gen. Ord. 6.11. We therefore decline to recall the mandate, and this appeal remains closed.

No further filings will be entertained in this closed case.

MKS/MOATT

# EXHIBIT COVER PAGE



Number of pages to this Exhibit: _____ pages.



# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

COPY

September 8, 2022

Keiron Elias
NOHG Law Office
#G28776 C2-241
P.O. Box 8457
Lancaster, CA 93539

COPY

RE: Elias v. Wolf
    USAP9 21-55891

Dear Ms. Elias:

The above-entitled petition for a writ of certiorari was postmarked August 29, 2022 and received September 7, 2022. The papers are returned for the following reason(s):

    The petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was March 18, 2022. Therefore, the petition was due on or before June 16, 2022. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Please note that the USAP9 21-55891 order dated June 27, 2022 does not explicitly deny the motions for reconsideration, and thus timeliness can not be determined based on this order.

Sincerely,
Scott S. Harris, Clerk
By: COPY
Sara Simmons
(202) 479-3023

Enclosures

KEIRON M. ELIAS
NOHG LAW OFFICE

#G28776  C2-241
P.O.BOX  8457
Lancaster, CA 93539                                September 26, 2022


RE:   ELIAS V. WOLF   (USAP9 21-55891)

Dear Clerk Scott S. Harris / or any clerk

    I recieved your letter dated September 8th, 2022 informing our office that the date of tolling began March 18th, 2022 and ended June 16th, 2022. However, this is not correct. The date of tolling actually began from the (last) rulling of the 9th circute JUNE 27th, 2022 where the 9th circuit denied our petition for rehearing and rehearing en banc, giving us a tolling deadline of late September. Yet, we filed our writ of certiorari AUGUST 29th, well within the statutory ninty days, persuant fed.rules of civil and Appellate procedures.

    I have attached a copy of the "GUIDE FOR PROSPECTIVE INDIGENT PETITIONERS FOR WRIT OF CERTIORARI" which de instructed us to file 90 days after a denial for petition of rehearing. We have also attatched a copy of the 9th circuits final order denying our petition for rehearing and rehearing en banc, dated JUNE 27th, 2022 and was included in our Appendix in support of writ of certiorari, and may have been overlooked.

    In light of this clarification, we look forward to having our questions of law clarified and decided by this greatecourt. Because the love of God is at issue in this case. And Satan has been trying to prevent it from going fiore forward. But I believe he will not succeed.

    I thank you and love you with all my heart brother.


Sincerely,

KEIRON ELIAS
NOHG LAW OFFICE

RECEIVED
OCT 11 2022
OFFICE OF THE CLERK
SUPREME COURT, U.S.



# SUPREME COURT OF THE UNITED STATES
# OFFICE OF THE CLERK
# WASHINGTON, DC 20543-0001

October 11, 2022

Keiron Elias
#G28776 C2-241
P.O. Box 8457
Lancaster, CA 93539

> RE: Elias v. Wolf
> USAP9 21-55891

Dear Ms. Elias:

The above-entitled petition for a writ of certiorari was originally postmarked August 29, 2022 and received again on October 11, 2022. The papers are returned for the reasons specified in the previous September 8, 2022 correspondence (enclosed).

Sincerely,
Scott S. Harris, Clerk
By:
Sara Simmons
(202) 479-3023

Enclosures

Keiron Elias
NOHG LAW OFFICE
#G28776  C2-241
P.O. BOX  8457
LAncaster, CA 93539

UNITED STATES COURT OF APPEALS
NINTH CIRCUIT COURT

KEIRON ELIAS

          PLAINTIFF

V.

WOLF et al.,

          DEFENDQANTS

CASE NO. USAP9 21-55891

CLARIFICATION OF FINAL ORDER
FOR PURPOUS OF TOLLING

    The court dismissed this case MARCH 18th, 2022. Plaintiff filed a timely motion for reconsideration APRIL 29th, 2022 withoin 30 days. And on JUNE 27th, 2022 the court issued it's order denying reconsideration and closed the case.

    Plaintiff then filed a timeley writ of certiorari in the U.S. Supreme court AUGUST 29th, 2022, well within the 90 day tolling time. However the clerk of the Supreme court believes tolling began from the courts MARCH 18th ordfer instead of the courts order JUNE 27th, 2022.

    According to the "GUIDE FOR INDIGENT PETITIONERS FOR WRIT OF CERTIORARI", tolling begans from the courts denial of a petitione for rehearing and has been attatched hereto.

N.O.HG
LAW OFFICE

Plaintiff has also attatched a copy of the courtrs rulings on both MARCH and JUNE of 2022, along with copeis of the clerks letters.

Plaintiff asks the court please clarify it's final order for the purpous of accurate tolling, pursuant to RULE 13.1.

RESPECTFULLY SUBMITTED

KEIRON ELIAS
NOHG LAW OFFICE